UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-9336 ODW (VBKx) | Date | December 23, 2009 |
|---|---|---|---|
| Title | *Culver Hospital Holdings, L.P. v. Prospect, Medical Holdings, Inc., et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present     Not Present

**Proceedings (IN CHAMBERS):**     Order to Show Cause re Subject Matter Jurisdiction

On December 21, 2009, Plaintiff Culver Hospital Holdings, L.P. ("Plaintiff") filed its complaint against various Defendants, asserting claims for breach of fiduciary duty, conspiracy, oppression of minority shareholder and unjust enrichment. (Dkt. #1.) This morning, Plaintiff filed an *ex parte* application for a temporary restraining order, seeking, among other things, to restrain Defendants from closing Brotman Medical Center, Inc.'s convertible promissory note offering at 5:00 p.m. P.T. on December 30, 2009.

By its complaint, Plaintiff alleges this Court has diversity jurisdiction over its case.[1] Plaintiff, however, is a limited partnership and has not alleged the citizenship of every member of the partnership. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 196 (1990) ("In sum, we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members."); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (an unincorporated associations such as a partnership has the citizenship of all of its members (citing *Carden*, 494 U.S. at 195-96)).

In light of the above, the Court has serious questions as to its jurisdiction over this

---

[1] Plaintiff has not otherwise alleged jurisdiction under 28 U.S.C. § 1331.

case. Given the extremely time-sensitive nature of the proceedings now before the Court, Plaintiff is hereby ordered to show cause, in writing, **BY 3:30 p.m. today**, **December 23, 2009**, why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file sworn declarations under penalty of perjury setting forth the citizenship of all members comprising the limited partnership. Upon review of Plaintiff's submission, the Court will issue an order either discharging the OSC or dismissing the case. If the former is required, the Court will issue minutes addressing how it intends to proceed with the pending TRO/preliminary injunction.

IT IS SO ORDERED.

                                              --  :  00

Initials of Preparer    RGN